

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00514-CV

_____

JERALD H. MILLER, Appellant

V.

GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellee

On Appeal from the 17th District Court
Tarrant County, Texas
Trial Court No. 017-352071-24

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

Pro se Appellant Jerald H. Miller attempts to appeal from the trial court's "Order Compelling Responses to Discovery."

On November 19, 2024, we wrote to Miller expressing our concern that we lacked jurisdiction over this appeal because the trial court's discovery order did not appear to be a final judgment or an appealable interlocutory order. We warned Miller that we could dismiss this appeal for want of jurisdiction unless he or any party filed a response by December 2, 2024, showing grounds for continuing the appeal. *See* Tex. R. App. P. 42.3(a), 44.3. On December 4, 2024, we received a letter from Miller requesting an extension of time to file a response to our November 19, 2024 jurisdiction letter. Construing Miller's letter as a motion, we notified him that his motion did not comply with Rule 10.1(a)(5). *See* Tex. R. App. P. 10.1(a)(5). Miller then filed a compliant motion. We granted Miller's extension request and ordered his response to our jurisdiction letter due by December 23, 2024. However, we have received no response.

Generally, appeals may be taken only from final judgments or from interlocutory orders made immediately appealable by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195, 200 (Tex. 2001); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (listing appealable interlocutory orders). "Discovery orders are interlocutory in nature and therefore [are] not appealable until after a final judgment is entered." *Edwards v. Panda Express, Inc.*, No. 05-19-00715-CV, 2019 WL 4027082, at *1

2

(Tex. App.—Dallas Aug. 27, 2019, no pet.) (mem. op.); *see Shanks v. Wair*, No. 02-20-00138-CV, 2020 WL 5415225, at *1 (Tex. App.—Fort Worth Sept. 10, 2020, no pet.) (per curiam) (mem. op.) (explaining "[d]iscovery orders are generally not immediately appealable" and dismissing appeal from discovery order for want of jurisdiction because the legislature "has not specified that interlocutory discovery orders are immediately appealable").

Accordingly, because the trial court's interlocutory discovery order is not immediately appealable, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *Shanks*, 2020 WL 5415225, at *1; *Edwards*, 2019 WL 4027082, at *1.

Per Curiam

Delivered: February 20, 2025